# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ALEXIS WARNER,**

    **Plaintiff,**

**v.**                                                  **Case No.**

**BATTERY USA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alexis Warner ("Plaintiff"), by and through undersigned counsel, herby sues Battery USA, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for damages, costs, and reasonable attorneys' fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3.      This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5.      Plaintiff is a resident of Polk County, Florida.

6.      Plaintiff worked for Defendant in Polk County, Florida.

7.      Defendant is a Florida Profit Corporation.

8.      At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents and/or employees of Defendant and were at all times acting within the scope and course of their agency and/or employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

9.      At all times during Plaintiff's employment with Defendant, Plaintiff was considered an "employee" within the meaning of the FCRA and Title VII.

10.     At all times during Plaintiff's employment with Defendant, Defendant was considered an "employer" within the meaning of the FCRA and Title VII.

## PROEDURAL REQUIREMENTS

2

11.    Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

12.    On May 18, 2026, the EEOC issued a Determination and Notice of Rights letter ("Letter").

13.    This complaint was filed within ninety (90) days of receipt of the Letter.

## STATEMENT OF FACTS

14.    Plaintiff is female.

15.    Plaintiff began her employment with the Defendant on or about March 9, 2026.

16.    Almost immediately upon beginning her employment with the Defendant, Matt Sparks ("Mr. Sparks"), Defendant's sales manager, began making highly inappropriate, sexualized, comments towards Plaintiff because of her sex, female.

17.    On or around her first day of employment with Defendant, Mr. Sparks began asking Plaintiff what type of guys she dates, telling her that she looks much younger than her age, and encouraged her to drink alcohol at company events.

18.    Plaintiff rejected Mr. Sparks' advances.

19.    A few days later, Mr. Sparks informed Plaintiff that she was required to travel with him for a company meeting the following week and that they would be spending the night after the meeting at a hotel.

3

20.    When Plaintiff informed Mr. Sparks that she would prefer to drive herself and return home after the meeting, Mr. Sparks became agitated and hostile towards Plaintiff, and he subsequently told Plaintiff that she had "red flags".

21.    Subsequently, Plaintiff had lunch again with Mr. Sparks and another employee, Devin (last name unknown), wherein Mr. Sparks again began asking Plaintiff what type of guys she dates.

22.    In an effort to try and deescalate the harassment, Plaintiff simply informed Mr. Sparks that she is a private person and doesn't like discussing her personal life at work.

23.    Mr. Sparks commented a few days later that he didn't know if Plaintiff was "abused or something" but that he'll get the information out of her eventually.

24.    The harassment continued over the next few days, including Mr. Sparks telling Plaintiff that he and other males were commenting on Plaintiff's attractiveness, but came to ahead when on or around March 18, 2026, Mr. Sparks physically grabbed Plaintiff by the waist and ribs and squeezed her as she was exciting a vehicle and pulling her body into his.

25.    To be clear, Plaintiff did not ask for any assistance from Mr. Sparks.

26.    Subsequently, on or around March 19, 2026, Plaintiff reported the sexual harassment and unwanted grabbing to Tom Standifer and Trey Standifer the following day.

27.    Tom Standifer is the Defendant's President.

28.    Trey Standifer is the Defendant's Vice President.

29.    Trey Standifer advised Plaintiff that should could work remote until they had a chance to investigate her claims.

30.    On or around March 24, 2026, Tom Standifer advised Plaintiff to come into the office the following day to work on a project.

31.    Upon arriving at work the following day, March 25, 2026, Plaintiff's employment was terminated by Tom Standifer.

32.    Plaintiff has satisfied all conditions precedent, or they have been waived.

33.    Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination because of sex in violation of the FCRA

34.    All allegations prior to Count I are reallaged and incorporated herein.

35.    Defendant's manager harassed Plaintiff because of her sex.

36.    The severe harassment created a hostile work environment for Plaintiff.

37.    As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in violation of the FCRA

38.    All allegations prior to Count I are reallaged and incorporated herein.

39.    Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and by filing a complaint with Defendant's President and Vice President.

40.    Defendant then took an adverse employment action by terminating Plaintiff's employment.

41.    Defendant took the adverse employment action because of Plaintiff's protected activity.

42.    As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Discrimination because of sex in violation of Title VII

43.    All allegations prior to Count I are reallaged and incorporated herein.

44.    Defendant's manager harassed Plaintiff because of her sex.

45.    The severe harassment created a hostile work environment for Plaintiff.

46.    As a direct and proximate cause of the hostile work environment, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count IV – Retaliation in violation of Title VII

47.    All allegations prior to Count I are reallaged and incorporated herein.

48.    Plaintiff engaged in protected activity by opposing Defendant's unlawful harassment and by filing a complaint with Defendant's President and Vice President.

49.    Defendant then took an adverse employment action by terminating Plaintiff's employment.

50.    Defendant took the adverse employment action because of Plaintiff's protected activity.

51.    As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)    That process issue and that this Court take jurisdiction over the case;

(b)    Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, commissions, bonuses, front-pay and front benefits, compensatory damages, including emotional distress damages, liquidated damages, punitive damages, declaratory relief, injunctive relief and prejudgment interest thereon;

(c)    All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)    For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 1st day of June 2026 by:

> /s/ Jason B. Woodside
> Jason B. Woodside, Esq.
> FL Bar No. 104848
> Woodside Law, P.A.
> 100 South Ashley Drive
> Suite 600

Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*

8